IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MERVIN EDWARDS, #752103 | § | |
| VS. | § | CIVIL ACTION NO. 2:09cv253 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Mervin Edwards filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 24, 2009. On December 10, 2009, the Court denied the petition and dismissed the case with prejudice as time-barred. Petitioner appealed the judgment to the United States Court of Appeals for the Fifth Circuit, which denied Petitioner's motion for a certificate of appealability to that Court. *See* Order at docket entry #14 (entered May 17, 2010). Petitioner also filed a petition for writ of certiorari to the United States Supreme Court, which denied certiorari. *See* Order of January 10, 2011, at docket entry #15 (entered January 18, 2011). Petitioner has now filed a "Motion for Leave to Amend an Extraordinary Writs Under Prohibition and Mandamus" (docket entry #17) (title reproduced as filed). For the reasons stated herein, the petition denied.

Petitioner's instant motion is far from clear. He refers to the proceedings in the Texas state courts, which he complains "have ruled on the denial of Petitioner-Movant claim under their Gatekeeping procedure 'Without a Written Order.'" Motion at 2 (as in original). He also vaguely refers to certain grounds he raised, or appears to assert he raised, in the state court proceedings and which he apparently contends the Texas state courts decided wrongly. Nonetheless, he has not shown in this motion, nor in any of his previous filings, that the Texas state court was incorrect.

1

It appears that he is seeking to compel the state court to rule on the merits of the arguments he presented there. It can only be inferred that he believes that the alternative federal writs of prohibition or mandamus will accomplish this end. However, he never articulates exactly what he asks this Court to do, nor does he cite any authority at all to support his motion for either a writ of prohibition or mandamus. The sole citation in his motion is in the last sentence (before his "Conclusion"), and is to *Holland v. Florida*, - - - U.S. - - - -, 130 S.Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). He apparently refers to the Supreme Court's ruling on the application of equitable tolling in a federal habeas corpus case, and asserts that he has been "pursuing his rights diligently" and that "extraordinary circumstances stood in his way 'that prevented timely filing[.]'" Motion at 3-4. However, he does not explain how this relates to his motion for the alternative writs any more than he explains his diligence or what the extraordinary circumstances are that stood in his way.

"The Writs of Mandamus and Prohibition are granted sparingly." *Hicks v. United States*, 396 Fed. Appx. 154, 165 (5th Cir. 2010) (per curiam) (quoting *In re Estelle*, 516 F.2d 480, 483 (5th Cir.), *reh'g denied*, 521 F.2d 814 (5th Cir. 1975) *and cert. denied*, 426 U.S. 925, 96 S. Ct. 2637, 49 L. Ed. 2d 380 (1976)). The writs, available under the All-Writs Act, 28 U.S.C. § 1651(a), are reserved for extraordinary causes and are issued only when the right to relief is clear and indisputable. *Hicks*, 396 Fed. Appx. at 165. The writs are "supervisory in nature and are used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Miller v. Connally*, 354 F.2d 206, 208 (5th Cir. 1965). The writ of prohibition is "traditionally used by appellate courts to exert their revisory powers over inferior courts, but is not an appropriate remedy to control the jurisdiction of other, nonsubordinate courts." *Gevedon v. Attorney General*, 2003 WL 21295032, at *1 (N.D. Tex. May 30, 2003) (internal quotations and

citations omitted). Here, Petitioner seeks leave to file a petition for writ of prohibition, or alternatively, mandamus, in this Court. He has not shown any "clear and indisputable" right to relief in the state courts for this Court to address, much less to any right to an extraordinary writ of prohibition or mandamus. Moreover, the Texas state courts are not "subordinate" to this Court. *Gevedon*, 2003 WL 21295032, at *1 & n.1 (citing cases). Furthermore, Petitioner has not overcome the original basis for the Court to dismiss his habeas petition, namely, that it is time-barred. For these reasons, Petitioner's motion will be denied.

It is accordingly

**ORDERED** Petitioner's "Motion for Leave to Amend an Extraordinary Writs Under Prohibition and Mandamus" (docket entry #17) is hereby **DENIED**.

**SIGNED this 21st day of November, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE